Pleading and practice; parties; standing to sue or be sued. — On September 12,1973 the court issued the following order:
“This case comes before the court without oral argument on defendant’s motion, filed May 25, 1973, to dismiss plaintiff’s petition to which plaintiff has failed to respond, the *1117 time for such response having expired under the Eules of the court.
“Upon consideration thereof, it is concluded that plaintiff’s claim is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. The petition was filed more than 12 years after the alleged breach of contract occurred. No reason has been given which would toll the statute. Plaintiff has failed to state a claim upon which relief may be granted.
“It is further concluded that the court lacks jurisdiction over the subject matter and person of plaintiff because it lacks the capacity to sue. The uncontested motion shows that plaintiff corporation was dissolved by the New Hampshire legislature on July 3,1967, and under Chapter 336.4 of the State law (copy attached to the motion) such a corporation cannot bring a suit more than 3 years thereafter. That time expired on July 3,1970. This suit was filed in 1973. Eule 61 (b) provides that capacity of a corporation to sue “shall be determined by the law under which it was organized.” Mather Constr. Co. v. United States, 201 Ct. Cl. 219, 223-24, 475 F. 2d 1152, 1154 (1973). Cf. Fed. R. Civ. P. 17(b).
“it is therefore ordered that defendant’s said motion to dismiss be and the same is granted and plaintiff’s petition is dismissed.”